126 So.2d 499

Theodore MILLS

v.

STATE.

I Div. 857.

Court of Appeals of Alabama.

Jan. 24, 1961.

Windell C. Owens, Monroeville, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Mills appeals from a judgment based on a verdict finding him guilty of possessing prohibited liquors. In addition to the $50 fine assessed by the jury, the trial judge added three months confinement in the county jail.

The tendencies of the State's evidence were that the sheriff of Monroe County, one of his deputies and a highway patrolman went to Mills's house about the first of Sep-

tember and saw some beer caps on the floor. They went outside, followed a trail which led them to a cache on a vacant lot. In addition to a five-gallon jug of moonshine whiskey, they found some bottles of beer on ice in a tub and also an unopened case of Miller's High Life beer.

When Mills was asked by the sheriff, "Theodore whose whiskey is that?" he replied, "Mr. Sizemore I might as well say its mine." This statement was shown to have been uninduced by threats, promises or duress.

The location of the hiding place was some twenty steps from Mills's house. Mills's evidence tended to show that the location was not only beyond the curtilage of his house, but off his land altogether. We do not consider it needful to decide whether there was sufficient description of the surrounding terrain, etc., to show that Mills was in constructive possession.

Although both the appellant and the Attorney General argue this case on the theory of whether or not there was sufficient evidence of constructive possession, we do not think that this is a case of constructive possession.

We think that the trial judge and jury were fully authorized to look upon the statement made by the defendant as the equivalent of a confession of guilt, and the guilt is such as to show an actual, i. e., manucaptive, possession of the whiskey. The whiskey and beer being on private property and not abandoned on a roadside would indicate to the rational mind that some one was the possessor of it, all the more so because some of the beer was on ice.

The beer and whiskey being on private property, some of the beer ready for consumption suffice to indicate that some person considered himself in relation to this personalty so as to come within the notion of his possessing it. We distinguish the facts here from those in Parker v. State. 40 Ala.App. 244, 112 So.2d 493,

where the whiskey could well have been said to have been abandoned in a rural mailbox on a public right of way. See also Small, Proof of Corpus Delicti in Alabama, XIII Ala.L.Rev. 147.

Under this view then, the State established the corpus delicti, i. e., the gist of the offense, possession of prohibited beverages, less only the agency of the defendant. The defendant's confession was then admissible.

The judgment below is due to be

Affirmed.